# ATTILIO CASTIGLIANO AND ANOTHER v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 12, 1915.

Nos. 19,399—(65).

**Railway — speed of train.**

1. It being conceded that the train in question was running at the usual speed at which such trains were accustomed to pass the place of the accident, plaintiff was not entitled to recover without showing some ground therefor, other than such rate of speed.

**Assumption of risk.**

2. The failure to instruct in respect to the assumption of the risk was without prejudice to plaintiff.

Action in the district court for St. Louis county by the administrators of the estate of Alfonso Capozzi, deceased, to recover $15,000 for the death of their intestate while in the employ of defendant. The complaint alleged that the train which killed the decedent was running at a speed of about sixty miles an hour contrary to the city ordinance and gave no warning of its approach. The answer denied the train was running at an excessive speed and alleged that its speed was the usual and ordinary speed of passenger trains over the tracks on which the injury occurred. The case was tried before Cant, J., who at the close of plaintiffs' case denied defendant's motion to dismiss the action, and a jury which returned a verdict in favor of defendant. From an order denying their motion for a new trial, plaintiffs appealed. Affirmed.

*Henry F. Greene* and *Leland S. Duxbury,* for appellants.

*M. L. Countryman* and *Baldwin, Baldwin & Holmes,* for respondent.

TAYLOR, C.

Alfonso Capozzi and a number of other employees of defendant were engaged in repairing defendant's railway tracks at the Minnesota Trans-

1 Reported in 154 N. W. 744.

fer between Minneapolis and St. Paul. The tracks at the transfer run east and west. The most northerly track is the west bound passenger track; immediately south of this track is the east bound passenger track; still further south are several freight tracks. The men were at work on the east bound passenger track. An east bound train approached, and the men, warned by the foreman, stepped aside for it to pass. Capozzi and four others crossed the west bound track and took positions in a shallow ditch north of all the tracks. While in this position the west bound track was between them and the track upon which they had been at work, and was straight and in plain sight for over a mile toward the east. As soon as the east bound train had passed, Capozzi started toward the tracks and as he stepped upon the west bound track was struck and killed by a west bound train coming from the east. Plaintiffs, as administrators of his estate, brought suit for damages, but the jury returned a verdict for the defendant. Plaintiffs made a motion for a new trial, and appealed from an order denying their motion.

The only question raised by the assignments of error, or presented by plaintiffs, is whether the trial court erred in charging the jury that "the speed of the train alone is not a basis of recovery here" and in refusing to define what would constitute assumption of the risk.

Capozzi was an experienced sectionman and had been at work on these tracks continuously for at least twenty days prior to the accident. Fifty-five passenger trains passed over these tracks each way daily. It is conceded that the train in question was running at the usual rate of speed at which trains were accustomed to pass over this portion of the track, and that such rate was about thirty miles per hour.

The negligence charged was failure to give proper warning of the approach of the train and excessive speed. The court submitted to the jury the question as to whether defendant had failed to give the customary warnings and no complaint is made as to the manner in which that question was submitted. The court then stated: "The speed of the train alone is not a basis of recovery here," and plaintiffs urge that such statement was error. In view of the conceded fact that the train was running at the same speed at which trains usually passed over this portion of the track, and that Capozzi had seen such trains pass at that speed every few moments during the preceding twenty days, a re-

covery based solely upon the rate of speed could not be sustained, and that theory was properly withdrawn from the jury.

In the charge, the court said nothing whatever concerning the assumption of the risk by Capozzi, and plaintiffs complain of the failure to do so. We are unable to see how such a charge could have been of any benefit to plaintiffs, or wherein they were prejudiced by a failure to submit the question of assumption of risk to the jury. Plaintiffs' real contention seems to be that the court ought to have submitted to the jury the question as to whether Capozzi knew and appreciated the risks arising from the passage of trains at the speed at which the train in question was traveling; and ought to have instructed them that, in case they found that he did not, they should find a verdict against defendant upon the ground that it ran its train at such a high rate of speed. Upon the conceded facts this question became a question of law for the court and was properly withdrawn from the jury. Under the instructions of the court, the verdict must have been based upon the ground that defendant was not guilty of negligence; and could not have been based upon the ground that Capozzi assumed the risk, except insofar as the above ruling necessarily implied that he had assumed the risk of danger arising from the speed of the train.

Order affirmed.